IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
NOV 12 2026
FILED

| | | |
|---|---|---|
| KHALID FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE GRADY BLANCHARD; VETERANS CANTEEN SERVICES SUPERVISOR; GWENDOLYN BOVAN; BOBBY L. CHRISTINE; CLAY WHITTLE; EUGENE BRANTLEY; JAROD WILLIAMS; RANDI GUILLORY; SHARON CALDWELL; WILLIAM EDWARDS; DR. REGINAL LABOSSIERE; CHERE CHILLIS; LUCY JACKSON BELL; SCOTT CONNELL; JAMIE RICHARDSON; ALEJANDRO PASCUAL; AMANDA CANNADY; CITY OF AUGUSTA JUDICIAL CIRCUIT; and COLUMBIA COUNTY JUDICIAL CIRCUIT,<br><br>Defendants. | * | CV 126-091 |

**O R D E R**

Plaintiff, incarcerated at Riverbend Correctional Facility, is proceeding *pro se* and *in forma pauperis* in the case brought pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I. Procedural History

Plaintiff submitted his § 1983 complaint in the Middle District of Georgia, but because the events about which Plaintiff complains are alleged to have occurred in Richmond and Columbia Counties, Georgia, United States District Judge Marc T. Treadwell transferred the case to the Southern District of Georgia. (Docs. 1, 4.) Upon reviewing the original complaint, the Court identified several pleading deficiencies and ordered Plaintiff to file an amended complaint. (See doc. 10.) In particular, Plaintiff improperly attempted to seek both habeas corpus relief and monetary damages in the same case, raised claims for damages where success would necessarily imply the unlawfulness of his conviction or sentence in violation of Heck v. Humphrey, 512 U.S. 477, 487 (1994), and named Defendants who are immune from suit. (See id.)

In the Order directing Plaintiff to file an amended complaint, the Court provided explicit instructions about how to file an amended complaint, including what information must be included in numbered paragraphs: "(i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred." (Id. at 5-6.) Plaintiff was also instructed to provide a case caption "that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit." (Id. at 5.)

Moreover, the complaint form provided to Plaintiff by the Clerk of Court instructs the *pro se* litigant to describe in the Statement of Claim the alleged wrongful action of each defendant(s), along with the dates and locations of all relevant events. (Doc. 10-1, at 4.) If more than one claim is alleged, the plaintiff is instructed to "number each claim and write a short and plain statement of each claim in a separate paragraph." (Id.)

In response, Plaintiff submitted an amended complaint naming four individuals and entities as Defendants in the caption, significantly reducing the nineteen Defendants originally named. (Doc. 13.) As the Court previously explained (doc. 10, at 5) Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleading filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Plaintiff originally named nineteen Defendants (see doc. 1), but the amended complaint captions only four Defendants. Accordingly, the Court **DISMISSES** those Defendants no longer named in the caption of the amended complaint.[1] See Hoefling, 811 F.3d at 1277; see also Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the

[1]Those Defendants are: Blanchard, Christine, Whittle, Brantley, Williams, Guillory, Caldwell, Edwards, Labossiere, Chillis, Bell, Connell, Richardson, Pascual, and Cannady. To the extent any of these individuals are discussed in the statement of claim but not listed as a Defendant in the caption, the Court explains below why they are immune from suit.

complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Having explained the procedural history and narrowed the list of Defendants according to those captioned in the amended complaint, the Court turns its attention to screening Plaintiff's amended pleading. As described in more detail below, the amended complaint is due to be dismissed.

## II. Screening the Amended Complaint

### A. Background

Plaintiff names four Defendants in the caption of his amended complaint: (1) Veterans Canteen Services Supervisor/Manager; (2) Gwendolyn Bovan; (3) City of Augusta Judicial Circuit; and (4) Columbia County Judicial Circuit. (Doc. 13, at 1.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts, as best the Court can determine, are as follows.

Plaintiff and Defendant Bovan "had a mutual restraining order," but Superior Court Judge Amanda Heath "gave permission for both Plaintiff and Defendant [Bovan] to be able to go to the Augusta V.A.M.C's with no restriction while they were there." (Id. at 14.) Both Defendant Bovan and the manager of Veterans Canteen Services called the Veterans Police Department to report Plaintiff's presence at the Veterans Administration Medical Center ("Medical Center") on January 21 and 28, 2025, and have him removed

from the premises for violating a restraining order which Plaintiff maintains did not exist. (Id. at 5, 13-14.) According to Plaintiff, there were no restrictions in place that prohibited him from being at the Medical Center. (Id. at 5, 14, 15.) Moreover, the Medical Center has "no measures as punishment, no procedures or requirements in place for criminal punishment nor statutory on Plaintiff's behalf." (Id. at 14.) Instead, there is a "dispute resolution policy that was not followed by the defendants." (Id. at 4.)

While Plaintiff does not explicitly explain what happened beyond his "imprisonment," (id. at 5), public court records reveal a Notice of Pending Probation Warrant was entered on January 30, 2025, and Plaintiff ultimately had his probation revoked in the Superior Court of Columbia County for aggravated stalking, presumably based on the events of which Plaintiff complains at the Medical Center. See https://clerkofcourtcolumbia.com/court-case-info/; select Click Here to Search Dockets; select Criminal Search; search "Franklin, Khalid" in Superior Court; select 2024CR0300, (hereinafter "2024CR0300") and 2025RV0118 (hereinafter "2025RV0300) (last visited Nov. 9, 2026), attached as Exhibit A.[2] Plaintiff also currently has a pending state habeas corpus case based on the probation revocation. See Franklin v. Phams,

[2]See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining a court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

SUHC2026000009 (Baldwin Cnty. Super. Ct. May 4, 2026), available at https://peachcourt.com, select Case Search, Baldwin County, All Courts, Search by Party Name "Franklin, Khalid" (last visited Nov. 9, 2026). Plaintiff does not explain the relationship of the Augusta Judicial Circuit and its prosecutors to the events in January 2025 at the Medical Center beyond implying the original "mutual restraining order" may have been issued by a court in that judicial circuit.[3] (Doc. 13, at 14.)

Plaintiff seeks over one million dollars in damages for his imprisonment and resultant pain and suffering caused by the revocation of his probation that was predicated on the events at the Medical Center because he had permission to be there and should not have been criminally punished. (Id. at 5.)

**B. Discussion**

**1. Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks

[3]Publicly available records show a twelve-month mutual restraining order was issued by Judge Amanda Heath on March 1, 2024, which, among other things, prohibited Plaintiff and Defendant Bovan from going within 500 yards of each other. See Bovan v. Franklin, 2024 RCD00155, doc. 7, available at https://peachcourt.com, select Case Search, Richmond County, All Courts, Search by Party Name "Franklin, Khalid" (last visited Nov. 9, 2026), attached as Exhibit B.

an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain

statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Amended Complaint Is Due to Be Dismissed for Failure to Follow a Court Order

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (finding dismissal appropriate where a plaintiff has failed to comply with

a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); LR Civ. 41 ("Upon notice to the parties, the Court may of its own accord dismiss an action for . . . violation of a court order.")

Here, the Court previously explained to Plaintiff he must include a case caption that clearly identifies by name each individual he is suing. The caption of his amended complaint includes two judicial circuits. The Court also instructed Plaintiff to include factual detail in numbered paragraphs specifically describing the alleged misconduct of each Defendant. In his statement of claim, Plaintiff mentions individuals who have some connection to the judicial circuits, but he does not name those individuals as Defendants in his caption or describe the specific actions taken by any of those individuals. For example, in his statement of claim with respect to the Columbia County Judicial Circuit, Plaintiff stats without elaboration, "Judge Blanchard, Bobby Christine, and Alejandro Pascual of the district attorney's office restricted the movements of the Plaintiff while at the Augusta V.A.M.C.s." (Doc. 13, at 15.)

Importantly, as the Court previously explained, these judicial officers and prosecutors, including those listed in Plaintiff's paragraph regarding the Augusta Judicial Circuit, have immunity from Plaintiff's claims. First, judicial officers are entitled to absolute immunity for "actions taken . . . within the

legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). There is no allegation Judge Blanchard was acting outside the scope of his judicial authority when presiding over Plaintiff's criminal proceedings. Second, "[a] prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). Plaintiff has not alleged any prosecutor took any actions unrelated to presenting and/or prosecuting criminal charges against him.

Finally, Plaintiff improperly named entire judicial circuits as Defendants because appropriate parties for suit under § 1983 include "persons" who participated in an alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Thus, even if Plaintiff had followed the Court's instructions regarding naming individual Defendants in the caption and providing factual detail about specific actions they are alleged to have personally taken to violate Plaintiff's rights, he

fails to state a claim upon which relief can be granted against these judicial officers and prosecutors, as well as against the two captioned judicial circuits.

It is long settled in the Eleventh Circuit that the dismissal of a *pro se* complaint is appropriate where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*). Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending, and having been given an opportunity to cure pleading deficiencies to no avail, Plaintiff's allegations are subject to dismissal. See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing federal claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies).

**3. Even If Plaintiff Had Submitted an Amended Complaint in Compliance with the Court's Prior Order, His Claims Are Barred Under Heck v. Humphrey**

Despite the lack of factual detail, the gist of Plaintiff's amended complaint appears to hinge on his assertion that was allowed to be at the Medical Center, and therefore his arrest and subsequent probation revocation proceedings in the Columbia County Judicial Circuit were improper, meaning that he should not have been

imprisoned for violating the terms of his probation. Stated otherwise, Plaintiff is asserting he is innocent of the charges that led to the revocation of his probation and his return to prison.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held, "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" has been reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus. Id. at 486-87. The Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. "In a nutshell, Heck precludes a convicted person from pursuing a civil claim for damages under § 1983 if, because of what the elements of his civil claim require him to prove, a decision in his favor on that claim would necessarily call into question the validity of his criminal conviction." Hall v. Merola, 67 F.4th 1282, 1285 (11th Cir. 2023); see Heck, 512 U.S. at 483; see also Cobb v. Florida, 293 F. App'x 708, 709 (11th Cir. 2008) (*per curiam*) (holding district court correctly dismissed §1983 complaint where necessary implication of granting relief would be finding revocation of probation invalid);

cf. Hamilton v. Givan, No. 2:15-cv-02230, 2016 WL 8077985, at *3 n.6 (N.D. Ala. Dec. 13, 2016) (applying Heck to false arrest claim and explaining when a plaintiff "is asserting that he is entirely innocent of the charges . . . it is possible that his claim, if successful, would present a direct challenge to the validity of any conviction which resulted from the charges" (citations omitted)), *adopted by* 2017 WL 372271 (N.D. Ala. Jan. 26, 2017).

Here, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. To the contrary, Plaintiff is in the process of challenging his probation revocation in state habeas corpus proceedings in Baldwin County. See Franklin v. Phams, SUHC2026000009. Because Plaintiff maintains his innocence of any wrong-doing based on his presence at the Medical Center in January 2025, the facts required for Plaintiff to prove his § 1983 case would necessarily call into question the validity of his conviction. As Plaintiff cannot show his related state conviction has been invalidated, his claims are barred under Heck.

**III. Conclusion**

The Court **DISMISSES** the fifteen Defendants from the original complaint who are no longer named in the caption of the amended complaint, **DISMISSES** the remainder of the case for the reasons

described above, and **CLOSES** this civil action.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of November, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA